UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| Caitlin Rombough, *on behalf of herself and others similarly situated*, | Civil Action No.: |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | Jury Trial Demanded |
| Robert D. Smith Insurance Agency, Inc., and State Farm Mutual Automobile Insurance Company, | |
| Defendants. | |

**Nature of this Action**

1. Caitlin Rombough ("Plaintiff") brings this class action lawsuit against Robert D. Smith Insurance Agency, Inc. ("RDS") and State Farm Mutual Automobile Insurance Company ("State Farm") (together, "Defendants") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendants routinely violate 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering more than one advertisement or marketing voice message and/or text message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5. In particular, Defendants directed the subject voice message and text message to

Plaintiff's telephone in this district, and Plaintiff received Defendants' subject voice message and text message in this district.

**Parties**

6. Plaintiff is a natural person who at all relevant times resided in Cedar Rapids, Iowa.

7. RDS is a full service insurance office located in Waukee, Iowa.[1]

8. RDS's website prominently displays State Farm's logo.[2]

9. RDS's website includes links to State Farm's website.[3]

10. RDS's website includes the following statement:

Auto Insurance

Buckle up with State Farm, and get auto insurance in Waukee, IA that fits your needs. You've got plenty of options — from collision and comprehensive to rental and rideshare. If you need more than an auto policy for the family, we provide car insurance coverage for new drivers, business travelers, collectors, and more. Not to mention, State Farm is the largest auto insurance provider in the U.S.[1] You could even save more by combining the purchase of auto and home policies.

Bob D Smith in Waukee, IA will help you get started after you complete a car insurance online quote. It's fast and easy!

1. Ranking and data from S&P Global Market Intelligence, based on direct premiums written as of 2018.

Start your car insurance online quote. It's fast and easy!

--

Homeowners Insurance

Protect your largest investment from unexpected events life may throw your way with State Farm® Homeowners Insurance in Waukee, IA. So, what's covered?[1] Your home insurance ensures you can repair or replace your home, as

---

[1] *See* https://www.bobdsmith.com (last visited February 7, 2022).

[2] *See id.*

[3] *See id.*

well as the items you value. Personal property is covered even if you're on vacation, running errands or holding items in storage. More homeowners choose State Farm as their home insurance company over any other insurer.[2]

Bob D Smith in Waukee, IA will help you get started after you complete a homeowners insurance online quote. It's fast and easy!

1. Please refer to your actual policy for a complete list of covered property and covered losses.

2. Data provided by S&P Global Market Intelligence and State Farm Archive.

Start your homeowners insurance quote. It's fast and easy![4]

11.     State Farm is an insurance company located in Bloomington, Illinois.

12.     State Farm's website lists Bob D. Smith as a "STATE FARM® INSURANCE AGENT."[5]

13.     State Farm's website includes the following statement:

Auto Insurance

Buckle up with State Farm, and get auto insurance in Waukee, IA that fits your needs. You've got plenty of options — from collision and comprehensive to rental and rideshare. If you need more than an auto policy for the family, we provide car insurance coverage for new drivers, business travelers, collectors, and more. Not to mention, State Farm is the largest auto insurance provider in the U.S.[1] You could even save more by combining the purchase of auto and home policies.

Bob D Smith in Waukee, IA will help you get started after you complete a car insurance online quote. It's fast and easy!

1. Ranking and data from S&P Global Market Intelligence, based on direct premiums written as of 2018.

Start your car insurance online quote. It's fast and easy!

--

---

[4]     *Id*.

[5]     *See* https://www.statefarm.com/agent/us/ia/waukee/bob-d-smith-sdmlp1ys000 (last visited February 7, 2022).

3

Case 1:22-cv-00015-CJW-MAR   Document 1   Filed 02/21/22   Page 3 of 13

Homeowners Insurance

Protect your largest investment from unexpected events life may throw your way with State Farm® Homeowners Insurance in Waukee, IA. So, what's covered?[1] Your home insurance ensures you can repair or replace your home, as well as the items you value. Personal property is covered even if you're on vacation, running errands or holding items in storage. More homeowners choose State Farm as their home insurance company over any other insurer.[2]

Bob D Smith in Waukee, IA will help you get started after you complete a homeowners insurance online quote. It's fast and easy!

1. Please refer to your actual policy for a complete list of covered property and covered losses.

2. Data provided by S&P Global Market Intelligence and State Farm Archive.

Start your homeowners insurance quote. It's fast and easy![6]

## Factual Allegations

14. Plaintiff is, and at all times relevant to this action was, the regular and sole user of her cellular telephone number—(319) XXX-3342.

15. Plaintiff uses, and at all times relevant to this action used, her cellular telephone number as her personal residential telephone number.

16. Plaintiff does not use, and at no time relevant to this action used, her cellular telephone number for business or commercial purposes.

17. Since April 7, 2017, telephone number (319) XXX-3342 has been registered with the DNC Registry.

18. On October 25, 2021, Defendants delivered the following voice message to telephone number (319) XXX-3342:

> Kevin, its Cari at State Farm. I'm giving you a call today on your home and auto insurance. State Farm has some great rates and I think you can benefit from them.

---

[6] *Id*.

> Our phone number here is (515) 987-5404. I also shot you a quick text message, and I hope to hear from you soon. Bye.

Click HERE to listen to the voice message.

19. In the alternative, on October 25, 2021, RDS, on behalf of, and/or for the benefit of, and/or with the authorization of, and/or at the direction of, State Farm, delivered the following voice message to telephone number (319) XXX-3342:

> Kevin, its Cari at State Farm. I'm giving you a call today on your home and auto insurance. State Farm has some great rates and I think you can benefit from them. Our phone number here is (515) 987-5404. I also shot you a quick text message, and I hope to hear from you soon. Bye.

20. In the alternative, on October 25, 2021, State Farm, on behalf of, and/or for the benefit of, and/or with the authorization of, and/or at the direction of RDS, delivered the following voice message to telephone number (319) XXX-3342:

> Kevin, its Cari at State Farm. I'm giving you a call today on your home and auto insurance. State Farm has some great rates and I think you can benefit from them. Our phone number here is (515) 987-5404. I also shot you a quick text message, and I hope to hear from you soon. Bye.

21. Upon information and good faith belief, Defendants delivered the text message referenced by the above-quoted voice message, on or around October 25, 2021, and for advertisement or marketing purposes.

22. In the alternative, and upon information and good faith belief, RDS, on behalf of, and/or for the benefit of, and/or with the authorization of, and/or at the direction of, State Farm, delivered the text message referenced by the above-quoted voice message, on or around October 25, 2021, and for advertisement or marketing purposes.

23. In the alternative, and upon information and good faith belief, State Farm, on behalf of, and/or for the benefit of, and/or with the authorization of, and/or at the direction of RDS,

delivered the text message referenced by the above-quoted voice message, on or around October 25, 2021, and for advertisement or marketing purposes.

24. The subject voice message was intended for someone other than, and unknown to, Plaintiff.

25. The subject text message was intended for someone other than, and unknown to, Plaintiff.

26. The purpose of the subject voice message was to advertise and market RDS's and/or State Farm's business or services.

27. The purpose of the subject text message was to advertise and market RDS's and/or State Farm's business or services.

28. Plaintiff did not give either RDS or State Farm prior express invitation or permission to deliver advertisement or marketing voice messages to her telephone number.

29. Plaintiff did not give RDS or State Farm prior express invitation or permission to deliver advertisement or marketing text messages to her telephone number.

30. Plaintiff did not request information or promotional materials from RDS.

31. Plaintiff did not request information or promotional materials from State Farm.

32. Plaintiff is not, and never has been, a State Farm customer.

33. Plaintiff suffered actual harm as a result of the voice message at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

34. Plaintiff suffered actual harm as a result of the text message at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

35. Upon information and good faith belief, Defendants knew, or should have known, that Plaintiff's telephone number was registered with the DNC Registry.

6

Case 1:22-cv-00015-CJW-MAR   Document 1   Filed 02/21/22   Page 6 of 13

## Class Action Allegations

36. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Robert D. Smith Insurance Agency, Inc. and/or State Farm Mutual Automobile Insurance Company delivered, or caused to be delivered, more than one voice and/or text message within a 12-month period, promoting Robert D. Smith Insurance Agency, Inc.'s and/or and State Farm Mutual Automobile Insurance Company's goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Robert D. Smith Insurance Agency, Inc. and/or State Farm Mutual Automobile Insurance Company delivered, or caused to be delivered, at least two of the voice and/or text messages within the 12-month period, (3) within four years preceding the date of this complaint and through the date of class certification.

37. Excluded from the class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

38. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

39. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

40. The class is ascertainable because it is defined by reference to objective criteria.

41. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties.

42. Plaintiff's claims are typical of the claims of the members of the class.

43. As it did for all members of the class, Defendants delivered solicitation voice and text messages to Plaintiff's telephone number more than thirty days after Plaintiff's telephone

number was registered with the DNC Registry.

44. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendants.

45. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

46. Plaintiff suffered the same injuries as the members of the class.

47. Plaintiff will fairly and adequately protect the interests of the members of the class.

48. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

49. Plaintiff will vigorously pursue the claims of the members of the class.

50. Plaintiff has retained counsel experienced and competent in class action litigation.

51. Plaintiff's counsel will vigorously pursue this matter.

52. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

53. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

54. Issues of law and fact common to all members of the class are:

   a. Defendants' conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing voice messages;

   b. Defendants' conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

c. Defendants' practice of delivering voice messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

d. Defendants' practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

e. State Farm's control over, or approval of, promotional calls and text messages made by RDS;

f. RDS's control over, or approval of, promotional calls and text messages made by State Farm;

g. Defendants' violations of the TCPA; and

h. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

60. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

61. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

62. There will be no extraordinary difficulty in the management of this action as a class action.

63. Defendants acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(c)(5)

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

66. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted);

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

67. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

68. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

69. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

70. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

71. Defendants are similarly liable for violations of 47 C.F.R. § 64.1200(c) resulting from telephone solicitations initiated, or caused to be initiated, on their behalf, and/or for their benefit, and/or at their direction, and/or with their authorization.

72. Defendants violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation call and/or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

73. Defendants are similarly liable for violations of 47 U.S.C. § 227(c)(5) resulting from telephone solicitations initiated, or caused to be initiated, on their behalf, and/or for their benefit, and/or at their direction, and/or with their authorization.

74. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendants violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendants from continuing their violative behavior, including continuing to deliver solicitation voice and text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: February 17, 2022

*/s/ Eric D. Puryear*
Eric D. Puryear
Puryear Law, P.C.
3719 Bridge Ave # 6
Davenport, IA 52807
Phone: (563) 265-8344
Fax: (866) 415-5032
eric@puryearlaw.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*